UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MICHAEL WILLARD,<br><br>         Plaintiff<br><br>v.<br><br>USABLE LIFE,<br><br>         Defendants | Civil Action No. _____ |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant USAble Life ("USAble"), hereby files this Notice of Removal of this case from the 9th Circuit – District Division – Nashua, State of New Hampshire (the "State Court"), captioned as *Michael Willard v. USAble Life*, Case No. 459-2014-SC-00626, where it is currently pending, to the United States District Court for the District of New Hampshire.  This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, thus supplying federal question jurisdiction.

USAble respectfully shows the Court as follows:

1.      On or about September 5, 2014, Plaintiff Michael Willard ("Plaintiff") commenced an action against USAble by filing a Complaint in the State Court.

2.      The 9th Circuit – District Division – Nashua mailed the Complaint and Summons to USAble on September 11, 2014, which it received on September 16, 2014.  A true and correct copy of all process, pleadings and orders received by USAble via mail is attached as Exhibit 1.

1

3. Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of September 16, 2014, the date USAble received the initial pleading on which the aforesaid action is based.

4. The United States District Court for the District of New Hampshire is the federal judicial district embracing the State Court where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 109 and 1441(a).

## FEDERAL QUESTION

5. Although unclear from the face of the Complaint, it is clear from the documents integral thereto that the Policy (attached as <u>Exhibit 2</u>) under which Plaintiff claims benefits is part of an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") §3(1), 29 U.S.C. §1002(1). Indeed, ERISA applies where, as here, benefits are provided under "a plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . disability. . . ." 29 U.S.C. § 1002(1). Plaintiff is claiming entitlement to ERISA-regulated benefits.

6. Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiffs' claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

7. ERISA preempts the state law claims/remedies alleged in Plaintiff's Complaint and provides exclusive remedies for resolution of claims by employee benefit plan participants

and beneficiaries relating to an ERISA plan.  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).  A cause of action filed in state court which is preempted by ERISA and comes within the scope of Section 502(a)(1) is removable to federal court under 28 U.S.C. § 1441(b) as an action arising under federal law even when the ERISA-related nature of the action does not appear on the face of the Complaint.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  This is a long-standing exception to the well pleaded Complaint rule.  *See id.*[1]

8. Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331, 1441(b), the District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties and may be removed to this Court by USAble.

## **MISCELLANEOUS**

9. Written notice of the filing of this Notice of Removal will be given to the Plaintiff and, together with a copy of the Notice of Removal and supporting papers, will be filed with the Clerk of the State Court, as provided by 28 U.S.C. § 1446(d).

10. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the District of New Hampshire.

12. If any question arises as to the propriety of the removal of this action, USAble respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

---

[1] Plaintiff's state law claims also clearly "relate" to an employee welfare benefits plan and are therefore also preempted pursuant to ERISA § 1144(a).

**WHEREFORE,** USAble, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the State Court, effects the removal of said civil action to this Honorable Court.

DATED:   October 9, 2014  /s/ Byrne J. Decker
Byrne J. Decker, NH Bar No. 9300
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Ph: (207) 791-1100
bdecker@pierceatwood.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2014, I electronically filed the within **Notice of Removal (with Exhibit 1 and 2)** by using the CM/ECF system which will send notification of such filing(s) to the all registered participants. I have also deposited a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

Michael Willard
11 Mapleshade Drive
Nashua, NH  03060

        /s/  Byrne J. Decker
        Byrne J. Decker